**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br><br> v. <br><br> GEORGE ARSENIS, <br><br> Defendant. | Civil Action No. 22-4508 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Bank of America, N.A.'s ("Bank of America") Motion to Remand. (ECF No. 7.) Defendant George Arsenis ("Arsenis") opposed (ECF No. 9), and Bank of America did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Bank of America's Motion.

## I.     BACKGROUND

This case stems from Arsenis's past-due credit payments owed to Bank of America. (*See generally* Compl., ECF No. 1.) In March 2020, Bank of America commenced this action in state court to collect the money Arsenis owed. (*See generally id.*) Accordingly, Bank of America served Arsenis with the Complaint. (Notice of Removal *4, ECF No. 1.)[1] On October 8, 2020, the parties reached a settlement agreement and filed a Stipulation of Settlement with the Superior Court of

---

[1] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

New Jersey, Law Division, Special Civil Part of Somerset County. (Pl.'s Moving Br. 2, ECF No. 7; *see* Stip. of Settlement, Ex. C, ECF No. 7.) Thereafter, Arsenis allegedly failed to make a settlement payment of $135.42 due by May 30, 2022. (Pl.'s Moving Br. 2.) In July 2022, Arsenis filed a notice of removal. (Notice of Removal *1.) Bank of America now moves the Court to remand the action to state court, contending that removal was improper. (Pl.'s Moving Br. 1.)

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, meaning that for a federal court to hear a case, it must have jurisdiction over the issue, such as diversity or federal question jurisdiction. *In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983). The federal removal statute, 28 U.S.C. § 1441, states that unless "otherwise expressly provided by . . . Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A plaintiff can move to remand a case removed to a federal court where the court lacks subject matter jurisdiction or removal was otherwise improper. *Id.* § 1447(c).

The Third Circuit has held that the removal statute "is to be strictly construed against removal" to honor Congressional intent. *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."). Thus, a district court has the authority to remand a case that was removed to federal court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). To defeat a motion to remand, a defendant

bears the burden of demonstrating the federal court's jurisdiction. *Abels*, 770 F.2d at 29 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

### III.   DISCUSSION

Arsenis seemingly alleges that removal was proper because any enforcement of the settlement agreement between the parties requires an application of the National Bank Act, 12 U.S.C. § 38, "over which the Federal courts exercise exclusive and preemptive jurisdiction." (Notice of Removal *4.) Bank of America contends that the reasons for remand are straightforward: (1) the well-pleaded complaint does not raise a federal question; and (2) Arsenis removed this action well past the thirty-day period allowed for under 28 U.S.C. § 1446(b)(l). (Pl.'s Moving Br. 3-5.) The Court finds that remand is appropriate.[2]

To begin, despite Arsenis's contentions, the Complaint solely alleges state law claims; thus, the Court may not exercise federal question jurisdiction. (*See* Compl. 1 ("Defendant(s) failed to make the payments due under the agreement.")). Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For removal to be proper on the basis of federal question jurisdiction, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Voltz v. Somerset Cnty. Jail*, No. 20-13695, 2021 WL 1986459, at *2 (D.N.J. May 18, 2021) (quoting *Boncek v. Pa. R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)). Simply put, it is a bedrock principle that for a case to arise under federal law, the well-pleaded complaint must contain a question arising under federal law. *See Merrell Dow Pharms. Inc. v.*

---

[2] Bank of America also asserts that Arsenis waived the right to remove by taking action in state court that indicated consent to submit to the state court's jurisdiction. (Pl.'s Moving Br. 4-5.) Because the Court finds that remand is appropriate on other grounds, the Court declines to address this argument at this time.

*Thompson*, 478 U.S. 804, 808 (1986). Here, the Complaint raises a breach of contract claim, which is governed by state law and does not invoke federal question jurisdiction. *Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 310, 313 (3d Cir. 1994) (finding that breach of contract claims will not raise a federal question). Arsenis contends that there is a federal question because Bank of America is "a national bank." (Def.'s Opp'n Br. *6-7, ECF No. 9.) But Bank of America's mere status as a national bank fails to confer jurisdiction on the Court through a federal question. Instead, the proper inquiry is whether the matter at hand arises under federal law. It does not.[3]

Neither is diversity jurisdiction present. The Complaint seeks the sum of $13,051.66, which fails to meet the amount-in-controversy requirement. (*See* Compl.); *see also* 28 U.S.C. § 1332(a) (requiring the amount in controversy to exceed $75,000 to establish diversity jurisdiction).

Additionally, Arsenis's removal of this case was untimely. The removal statute requires that a notice of removal be filed within thirty (30) days of the defendant's receipt of the original complaint by service or otherwise. 28 U.S.C. § 1446(b). This time limit is a procedural bar to removal, independent of any jurisdictional question. *See Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) ("It is well settled that § 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one."). Here, the Complaint was filed in March 2020. Arsenis was served with the Complaint that same month but waited until July 2022—more than two years

---

[3] Arsenis also contends there is a federal question under the Fair Debt Collection Practices Act. (Def.'s Opp'n Br. *13-14.) The Court does not reach the merits of this argument because, as already noted, it is a core tenet that the well-pleaded *complaint* must contain a question arising under federal law. *New Jersey Division of Youth and Family Servs. v. Rijovia*, No. 10-3745, 2010 WL 2990127, at *1 (D.N.J. July 27, 2010) ("[F]or both removal and original jurisdiction, the federal question must appear on the face of the complaint unaided by the answer, counterclaim or petition for removal. If it does not appear there, 'no statement in the petition for removal . . . can supply that want.'" (emphasis added) (quoting *McDonough v. Blue Cross of Northeastern Penn.*, 131 F.R.D. 467, 469-70 (W.D.Pa.1990)). In this case, the Complaint shows no federal subject matter jurisdiction. (*See generally* Compl.)

later—to remove this matter. (Notice of Removal *1, *4.) This timeline far exceeds the thirty-day limit. *Oparaji v. Innovate 1 Servs., Inc.*, No. 18-8668, 2018 WL 4922367, at *1 (D.N.J. Aug. 2, 2018); *see Bissell v. Saga Glob. Cap. Mgmt., LLC*, No. 20-7393, 2020 WL 7210024, at *2 (D.N.J. Aug. 17, 2020) (remanding when defendant filed notice of removal thirty-one days after receipt of offer of judgment). Arsenis asserts that removal was timely because he removed this action within thirty days of "the [f]ederal question [being] raised." (Def.'s Opp'n Br. *6.) But this contention is inaccurate, and, nevertheless, meritless. The removal statute allows a defendant to remove an action within thirty days of being *served the pleadings*. 28 U.S.C. § 1446(b) (emphasis added). As such, Arsenis's removal was untimely and is subject to remand.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants Bank of America's Motion. An appropriate order will follow.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE